The Honorable Jerry D. Jewell, DDS State Senator 1813 Pulaski Street Little Rock, AR 72206
Dear Senator Jewell:
This is in response to your request for an opinion regarding the rights of the Little Rock Municipal Judge in connection with employment in that office.
Please note that I have enclosed a copy of Opinion Number 88-372 which was recently issued in this regard. I believe this opinion addresses the same question posed in your correspondence.
Opinion No. 88-372
February 20, 1989
The Honorable Dr. William H. Townsend State Representative 1304 Wright Avenue Little Rock, AR 72206
Dear Representative Townsend:
This is in response to your request for an opinion on the following question:
 What authority has the elected Little Rock Municipal Judge to hire and fire whom he wishes when structuring his staff when he initially takes office?
It must be initially noted that the answer to this question may vary, depending upon the particular position(s) involved. However, it is my opinion that the hiring and firing of municipal court personnel is generally governed by the City of Little Rock Administrative Personnel Policy and Procedure Manual. Thus, with the exception of the particular positions referenced herein, all procedures outlined in the Manual will apply to the hiring and firing of these employees.
A distinction may apply in the case of the municipal court clerk, deputy municipal court clerks, and municipal court magistrates. This exception stems from several statutory provisions specifically applicable to these positions. Arkansas Code of 1987 Annotated 16-17-211(a) states that "(t)he judge of any municipal court may appoint a clerk for the court, who shall be designated and known as the municipal court clerk." Section 16-17-106(a) states the following with respect to deputy court clerks: "(t)he judge of the municipal court of any city in this state may, with the approval of the governing body of the city, appoint one (1) or more deputy clerks to serve under the supervision of the municipal court clerk." Section 16-17-107 addresses municipal court magistrates, stating in pertinent part under subsection (a) that any municipal court judge ". . . may appoint no more than two (2) municipal court magistrates, who shall serve at the pleasure of the judge." This provision then continues by stating that the appointment of magistrates shall be subject to approval by the governing body of any city or county that provides the sole funding for the municipal court, and that this city or county may discharge the magistrates. A.C.A. 16-17-107(d). Under subsection (3) of 16-17-107, the magistrates' appointment is subject to the approval of each governing body where the court is funded by more than one (1) city or by a county and one (1) or more cities. The magistrates in this situation may be discharged by the largest city providing funding. Id.
While the foregoing provisions would appear at first glance to support the proposition that the municipal judge has sole hiring, and arguably firing authority with respect to these positions, consideration must also be given to the case of Williams v. Butler (decided by the U.S. Court of Appeals for the Eighth Circuit on December 21, 1988, on remand from the U.S. Supreme Court, Numbers 83-2534 and 83-2641) and to internal procedures subsequently adopted by the City of Little Rock. The extensive procedural history of Williams v. Butler need not be recited. The significance of the case for purposes of your inquiry lies primarily in the court's emphasis upon the City's delegation of final policy making authority regarding employment matters to the municipal judge. This delegation paved the way for the court's ultimate conclusion that the City is liable for the municipal judge's unconstitutional discharge of a court clerk.
It may reasonably be concluded that the deliberative process in Williams v. Butler would have been influenced, perhaps significantly, by the absence of such a delegation of authority. While the Eighth Circuit did cite to the municipal judge's statutory right to employ court clerks (December 21, 1988 Opinion, p. 10), this authority was apparently not conclusive. The factual backdrop of the City's grant of hiring and firing authority to the judge was a key element.
The City's current Administrative Personnel Policy and Procedure Manual has effectively eliminated this grant of authority. Municipal court employees, including the court clerk and deputy clerks, are covered under the 1988 Classification and Compensation Manual. Thus, while it may be concluded that the municipal judge is the hiring authority with regard to court clerks, it is my opinion that these persons are city employees and that the judge's appointive powers are subject to applicable City personnel policies and procedures. The judge could not, for example, hire a court clerk who did not possess required skills as set forth in a city-promulgated job description. Termination procedures outlined in the Personnel Policy and Procedure Manual are also applicable to the clerk positions.
As previously noted, an exception applies with regard to municipal court magistrates. Unlike other court personnel, these persons serve "at the pleasure of the judge." A.C.A. 16-17-107(a). It is therefore my opinion that the Little Rock Municipal Judge has the authority to hire and fire magistrates, and that the City Administrative Personnel Policy and Procedure Manual does not apply to this position.
While it is apparent that your question cannot be answered in the absence of a reference to specific positions, we hope that the foregoing offers general guidance in addressing the issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.